HATCHETT, Justice,
specially concurring.
I join the majority in authorizing the membership of The Florida Bar to vote on *1367 whether or not to impose a dues increase from $75 to a maximum of $125 per year by amending Article XVII of the Integration Rule.
For the past two and a half years, if not longer, this court has increasingly criticized The Florida Bar regarding disciplinary procedures and delays in the handling of discipline cases against lawyers. In fact, this court created a committee, known as the Karl Committee, to study the grievance procedure and to make recommendations for change. That report has been filed with the court and will soon be reviewed for adoption or rejection. While it is yet unclear the action that the court will take on this report, it is clear that additional funds will be needed to streamline grievance procedures and assure to the accused lawyer a speedy determination of the charges. Ninety five percent of the requested dues increase is allocated for this important aspect of the Bar’s program. Central to the Bar’s existence is the duty to discipline its members. When the Bar is no longer able to carry out this function, its reason for existence will be lost.
While I generally agree with Justice England’s analysis of the relationship between this court and the Bar, I differ in one important respect. This court should have two different standards of review of Bar recommendations, depending upon the nature of proposed action. The Bar fulfills two important and separate functions. First, it exists as an arm of this court, administering the policies governing the practice of law in this state, which this court has determined are consistent with the proper administration of justice and in the best interests of our citizens. Such matters include admissions and discipline policies. In this area, recommendations of the Board of Governors are advisory only, and do not carry with them any presumption of correctness. Recommendations of The Florida Bar in these areas will be followed only if they persuade the court that such policies will best fulfill the important state interest sought to be achieved.
Secondly, the Bar is the representative organization for all attorneys admitted to practice in this state. In this regard, the Bar provides additional services to these attorneys, separate from those involving the strict regulation of the practice of law. The court should have a lesser role in approving modifying, or rejecting Bar policies with regards to these activities. The appropriateness of such policies and the question of whether such activities should be paid out of dues should be matters determined by the general Bar membership, through its elected representatives. This court should review the policy positions taken by the Board of Governors to determine whether the notice and hearing procedures taken by the Bar with regard to these proposals have complied with due process standards or have violated other constitutional rights of the membership. It is not the court’s function to review whether policy positions are “good” or efficiently administered. If attorneys disagree with certain policies taken by the Board, then recourse should be through “representative democracy” as outlined in Justice England’s concurrence.
No due process or constitutional objections were raised by the opponents to the dues increase. The appropriateness of the increase should be determined by the Bar membership. Although Justice Adkins may be correct to the extent that he recommends a general ballot as the best means to determine the Bar membership’s attitudes on this issue, that question has not been properly raised, and therefore should not be determined until such later time as a proper petition and briefs on this matter have been presented to the court.